# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN WHITE,<br><br>    Petitioner,<br><br>v.<br><br>R.J. RACKLEY, Warden,<br><br>    Respondent. | Case No. CV 17-7445 AG (MRW)<br><br>**ORDER DISMISSING ACTION WITH PREJUDICE** |

The Court summarily dismisses Petitioner's habeas action as untimely and for failure to state a federal constitutional claim.

\* \* \*

1. Petitioner is a state prisoner. In 1991, he was convicted of second degree murder and child abuse. The trial court sentenced him to a prison term of 29 years to life. (Docket # 1 at 68.)

2. In 2015, the United States Supreme Court invalidated a provision of the federal Armed Career Criminal Act. Johnson v. United States, ___ U.S. ___, 135 S. Ct. 2551 (2015). The Supreme Court concluded that the "residual clause" of that statute was unconstitutionally vague.

3. In 2017, Petitioner engaged in several rounds of habeas actions in state court. The gist of his habeas applications was to seek resentencing based on his claim that his intent to commit the child abuse offense "merged into the homicide." Petitioner's state court filings apparently rely on the <u>Johnson</u> decision (and other state court decisions) for reopening his case. The state supreme court denied Petitioner's claims as untimely and successive. (Docket # 1 at 73.)

4. After failing to obtain habeas relief in the state court system, Petitioner filed this action in federal court in October 2017 seeking relief under 28 U.S.C. § 2254. Magistrate Judge Wilner screened Petitioner's habeas action. The Court noted that it "is not clear" that Petitioner properly alleged a cognizable constitutional violation that could lead to habeas corpus relief. (Docket # 3 at 2.) The magistrate judge cited federal judicial decisions rejecting similar claims by state prisoners who sought to use <u>Johnson</u> to challenge historic state criminal convictions. Judge Wilner also noted that, as a result of the state supreme court's ruling, Petitioner's federal action was likely time-barred and procedurally defaulted.

5. At the magistrate judge's request, Petitioner filed a supplemental statement regarding his case. (Docket # 8.) Petitioner's statement asserted – with no supporting authority – that the <u>Johnson</u> decision precluded a state law conviction of second degree murder. He also suggested that this recent decision excused his delay in filing the federal case. (<u>Id.</u> at 2-5.)

\* \* \*

6. If it "appears from the application that the applicant or person detained is not entitled" to habeas relief, a court may dismiss a habeas action. 28 U.S.C. § 2243; <u>see also</u> Rule 4 of Rules Governing Section 2254 Cases in United States District Courts (petition may be summarily dismissed if petitioner

plainly not entitled to relief); Local Civil Rule 72-3.2 (magistrate judge may submit proposed order for summary dismissal to district judge "if it plainly appears from the face of the petition [ ] that the petitioner is not entitled to relief").

7. AEDPA imposes a one-year limitation period on state prisoners who seek federal habeas review of their claims. 28 U.S.C. § 2244(d)(1). The statute of limitations is triggered when, among other things, state appellate review becomes final or if a constitutional right "has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2244(d)(1)(A, C); Lee v. Lampert, 653 F.3d 929, 933 (9th Cir. 2011).

8. Petitioner filed his federal action long after the AEDPA period expired. Because Petitioner's judgment became final before AEDPA's effective date (April 24, 1996), he had until April 24, 1997, to file a federal habeas petition. Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001). Petitioner filed his action over 20 years after that. His action is clearly untimely under Section 2244(d)(1)(A).

9. Petitioner essentially argues that the Johnson decision controls the starting date of AEDPA's limitations period and allows for federal review of his 1991 conviction.

10. Petitioner is incorrect. In Johnson, the Supreme Court ruled on a specific provision of a federal criminal statute. Nothing in the Johnson decision or Petitioner's papers supports his claim that the Supreme Court established a new constitutional rule applicable to California's murder statute (Penal Code section 197-189). Johnson undoubtedly applies retroactively to cases on collateral review. Welch v. United States, ___ U.S. ___, 136 S. Ct. 1257 (2016).

However, that retroactive review is clearly limited to a "federal collateral challenge to a federal conviction" involving the ACCA. Id. at 1264.

11. Moreover, every district court to look at the issue in this state agrees: Johnson neither identified a new federal constitutional right nor restarts the habeas clock under AEDPA for a state habeas action. See, e.g., Walkwek v. Fox, No. CV 17-370 JVS (JCG), 2017 WL 1073343 at *1 (C.D. Cal. 2017) ("Although California Penal Code § 189 [ ] may contain a residual clause, Johnson does not render all such clauses unconstitutionally vague."); Johnson v. Fox, No. CV 16-9245 GW (JCG), 2017 WL 1395512 at *1 (C.D. Cal. 2017) (same); Birdwell v. California, No. CV 16-7221 AG (KS), 2016 WL 5897780 at *2 (C.D. Cal. 2016) ("the Johnson decision is irrelevant here because Petitioner's state prison sentence was not enhanced under ACCA's 'residual clause' nor was his conviction based on any state analogue of that federal criminal statute"); Renteria v. Lizarraga, No. CV 16-1568 RGK (SS), 2016 WL 4650059 at *6 (C.D. Cal. 2016) (same); Lopez v. Castelo, No. CV 16-735 LAB (WVG), 2016 WL 8453921 at *4 (S.D. Cal. 2016) ("Fatal to his position, Petitioner attempts to broaden the holding of Johnson to pertain to a clause found in California's penal code, despite the fact that Johnson dealt solely with the ACCA[.] The Johnson decision has absolutely no applicability to the California murder statute under which Petitioner was convicted and his reliance on Johnson is therefore misplaced."); Perez v. Hatton, No. CV 17-2576 CAS (MRW) (C.D. Cal. 2017) (same).

12. The Johnson decision has no application to Petitioner's case. As a result, that opinion provides no constitutional basis for him to challenge his state law murder conviction. It also renders his action untimely under AEDPA.

* * *

13. The Court concludes that Petitioner's habeas claims are untimely and fail to state a constitutional claim for relief. The action is therefore DISMISSED with prejudice.

IT IS SO ORDERED.

Dated: 11/30/17

_____
HON. ANDREW J. GUILFORD
UNITED STATES DISTRICT JUDGE

Presented by:

_____
HON. MICHAEL R. WILNER
UNITED STATES MAGISTRATE JUDGE